# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv121

| | | |
|---|---|---|
| WILLIAM R. SCHERER and ANNE SCHERER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| STEEL CREEK PROPERTY OWNERS ASSOCIATION, PAUL IOOSS AND STEPHEN IOOSS, | ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court are the Motions to Strike [# 22, # 26, & # 29]. Plaintiffs brought this action against Defendants asserting various claims arising out of a dispute between a property owner and the neighborhood association that governs the residential community where Plaintiffs' property is located. Defendants all move to strike the Amended Complaint in its entirety pursuant to Rule 12(f). Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **DENIES** the motions [# 22, # 26, & # 29].

**I.  Analysis**

Rule 12(f) provides that the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The Court may act on its own in striking such matters or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleadings." Fed. R. Civ. P. 12(f)(2). Rule 12(f), however, is not the proper mechanism for procuring the dismissal of all or part of a plaintiff's complaint. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004). Moreover, "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic. " Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); 5C Wright & Miller, supra, §1380 ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.") see also Teal v. CB Richard Ellis, Inc., Civil Action No. 3:13-CV-169, 2013 WL 5276702 (W.D.N.C. Sept. 18, 2013) (Whitney, C.J.). As a leading treatise has explained:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear . . . that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement . . . that they

> should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.

5C Wright & Miller, supra, §1382.

This case is a prime example of a situation where a defendant files a motion to strike as a dilatory tactic to delay resolution of the merits of a case, waste judicial resources, and increase the costs of litigation on the opposing side. As a threshold matter, Defendants' requested relief, that the Court strike the entire Amended Complaint, is not the proper remedy under Rule 12(f). Rather, the Court would strike only those portions of the Amended Complaint that are "redundant, immaterial, impertinent, or scandalous." Fed R. Civ. P. 12(f); 5C Wright & Miller, supra, §1380. Nor is Defendants' primary complaint – that the Amended Complaint is simply too long –a sufficient ground to have the Amended Complaint stricken in its entirety. Although Plaintiffs could have drafted the Amended Complaint in a more concise manner, and many of the paragraphs and statements in the Amended Complaint are unnecessary, the factual allegations in the Amended Complaint are not so redundant, immaterial, or impertinent as to warrant striking the entire Amended Complaint. Moreover, none of the factual allegations in the Amended Complaint are so scandalous as to warrant being stricken from the

pleadings.[1] Finally, there is no prejudice to Defendants from having to answer the allegations in the Amended Complaint. To the extent Defendants disagree with the factual characterizations in the Amended Complaint, they may deny the allegations. It is clear from the Amended Complaint, however, the claims Plaintiffs are asserting against each Defendant, as well as the factual basis of each claim. There is simply no merit to Defendants' contention that the Court must strike the Amended Complaint in its entirety under Rule 12(f). Accordingly, the Court **DENIES** the motions [# 22, # 26, & # 29].

**II.     Conclusion**

The Court **DENIES** the Motions to Strike [# 22, # 26, & # 29].

Signed: March 3, 2014

Dennis L. Howell
United States Magistrate Judge

---

[1] For example, Defendants take issue with the fact that Plaintiffs refer to the Steel Creek Property Owners Association Board in the Amended Complaint as the "Rogue Board." Although the Court agrees with Defendants that such characterization is unnecessary and detracts from the factual allegations in the Amended Complaint, the term "rogue" is not scandalous within the meaning of Rule 12(f), and the Court will not strike each reference to the term from the Amended Complaint.