IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CV 121

| | |
|---|---|
| WILLIAM R. SCHERER and ANNE SCHERER, ) ) ) Plaintiffs ) ) v ) ) STEEL CREEK PROPERTY OWNERS ) ASSOCIATION and PAUL IOOSS, ) ) Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court pursuant to an Objection to and Motion to Quash Subpoena of Robert Dugan (#74), who objected to a subpoena issued to him on behalf of the Plaintiffs requiring him to appear and testify at a deposition. The Plaintiffs filed a Memorandum in Opposition to the Objection and Motion to Quash Subpoena (#76) on March 17, 2015. On March 20, 2015, Defendants Steel Creek Property Owners Association and Paul Iooss filed a Memorandum in Support of the Objection and Motion to Quash Subpoena of Robert Dugan (#78), and on the same date, the undersigned entered an Order (#79) setting a hearing in regard to the motion for March 27, 2015. Having conducted the hearing, the Court now enters the following Order.

**I. Background.** Plaintiffs filed a Complaint (#1) on April 30, 2013, and

thereafter an Amended Complaint (#5) alleging jurisdiction in this court by means of diversity.  In the Complaint, Plaintiffs presented a claim for a violation of North Carolina Debt Collection Act, declaratory judgment, unjust enrichment, breach of covenant of quite enjoyment, conversion, and equitable estopple against Defendant Steel Creek Property Owners Association and a claim for tortuous interference against Defendant Paul Iooss.  In the Answer filed by the Defendant Paul Iooss, Iooss presented what is denoted as his "Eighth Affirmative Defense" which reads as follows:  "Plaintiffs' claims are barred, in whole or in part, because Defendant relied upon information provided by legal counsel, which he reasonably believed was in counsel's professional or expert competence, in discharging his duties as a director or de facto director of the POA."  (#53, p. 29.)  In the Answer (#54) of Steel Creek Property Owners Association, the association Defendant raised the following Fifth Affirmative Defense:

> Plaintiffs' claims are barred, in whole or in part, because the decisions made by the Board at issue in this lawsuit were made after consulting with and in reliance on the advice of counsel.  Such reliance was reasonable and made in good faith, and Reliance on Counsel is pled as a defense to the claims asserted in this action.  Those decisions and actions include, but are not limited to, the charging of retroactive assessments based on 16 platted lots instead of four, calculation of future assessments, interpretation of the Covenants, charging of 18% interest, the rejection of so called construction "plans" or drawings, and the initial refusal to comply with the Plaintiffs' request for inspection.

(#54, p. 43.)

In responses to interrogatories, Defendant Iooss again asserted objections based upon his "advice of counsel defense". (#76-1, pp. 2, 3.) In answers to interrogatories of Defendant Steel Creek Property Owners Association, the property owners association again asserted attorney/client privilege and advice of counsel objections. (#76-2, pp. 2, 3, 7.) On February 12, 2015, Defendants served upon attorney Robert Dungan, who was or is counsel for Steel Creek Property Owners Association, a subpoena (#74-1, p. 1.) to testify at a deposition in this action. In response, Mr. Dungan filed the Objection to and Motion to Quash Subpoena (#74).

**II.** **<u>Discussion.</u>** Two privileges arise from the Objection and Motion to Quash filed in this case: (1) attorney work product of Mr. Dungan; and (2) attorney/client privilege of Mr. Dungan. As to the work product doctrine, the Supreme Court in <u>United States v. Nobles</u>, 422 U.S. 225, 239, 95 S. Ct. 2160, 2171 (1975), stated that the work product doctrine is not absolute and may be waived. In deciding what constitutes an implied waiver, the Supreme Court stated:

> What constitutes a waiver with respect to work-product materials depends, of course, upon the circumstances. Counsel necessarily makes use throughout trial of the notes, documents, and other internal materials prepared to present adequately his client's case, and often relies on them in examining witnesses. When so used, there normally is no waiver. But where, as here, counsel attempts to make a testimonial use of these materials the normal rules of evidence come into play with respect to cross-examination and production of documents.

Id. at 239 n.14, 95 S. Ct. at 2171 n.14.

The Supreme Court went on to hold that:

> Respondent can no more advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination.

Id. at 239-40, 95 S. Ct. at 2171.

Addressing the attorney/client privilege, the United States District Court for the District of Maryland explained:

> The attorney-client privilege protects confidential communications between lawyer and client from disclosure. In re Grand Jury Subpoena, 341 F.3d 331, 334-35 (4th Cir. 2003); Hawkins v. Stables, 148 F.3d 379, 384 (4th Cir. 1998). It applies to individuals and corporations and to in-house and outside counsel. Upjohn Co. v. United States, 449 U.S. 383, 394, 101 S. Ct. 677, 66 L.Ed.2d 584 (1981) (attorney-client privilege applies to communications between corporate counsel and employees); X Corp. v. John Doe, 805 F.Supp. 1298, 1309 (E.D.Va. 1992) (citing cases) (attorney-client privilege applies to in-house counsel). The Fourth Circuit has adopted the "classic test" of the attorney-client privilege:
>
> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

> United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982) (per curiam) (quotation marks omitted) (quoting United States v. Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass.1950))

U.S. v. Cohn, 303 F. Supp.2d 672, 679 (D. Md. 2003).

Both the work product doctrine and the attorney client privilege are waived when a party places its attorney's knowledge of facts and communications in issue. Cincinnati Ins. Co. v. Zurich Ins. Co., 198 F.R.D. 81, 86 (W.D.N.C. 2000) (Horn, Mag. J.). In Akeva L.L.C. v. Mizuno Corp., 243 F. Supp.2d 418, 422 (M.D.N.C. 2003) the Court addressed both the doctrines of work product privilege and attorney/client privilege when the advice of counsel defense had been raised:

> The cases dealing with discovery of attorney-client and work product material appear to be in general agreement that the client relying on advice of counsel waives attorney-client privilege with request to the entire subject matter of the waiver and not just the specific opinion letter proffered. Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, L.P., 210 F.R.D. 673, 676 (D. Minn. 2002); Chiron Corp. v. Genentech, Inc., 179 F. Supp.2d 1182, 1186 (E.D. Cal. 2001); Micron Separations, Inc. v. Pall Corp., 159 F.R.D. 361, 363 (D. Mass.1995); and Thorn Emi North America, Inc. v. Micron Technology, Inc., 837 F. Supp. 616, 621 (D. Del. 1993).

There has been a waiver of both privileges, in this case, because of the broad and expansive language used by both Defendants in raising the defense of advice of counsel. In the Answers of both Defendants, Defendants raised the advice of counsel defense as a complete defense to <u>all</u> of Plaintiffs' claims. (#53, p. 29, #54, p. 43.)

Defendants did not limit their assertion of the advice of counsel defense. An example of the broad nature of the defense asserted by Defendants is the language used by Steel Creek Property Owners Association in its Answer: "Plaintiffs' claims are barred, in whole or in part, because the decisions of the board at issue in this law suit were made after consulting with and reliance on advice of counsel." (#54, p. 43.) By raising the defense of advice of counsel in such broad form, Plaintiffs must have access to the privileged information underlying Mr. Dungan's advice. Plaintiffs and the trier of fact must have access to the information to determine if the advice was correct, reliable, or under what circumstances it was given. See Belmont Textile Machinery Co. v. Superba, S.A., 48 F. Supp.2d 521, 523-24 (W.D.N.C. 1999) (J. Potter).

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Objection to Motion to Quash Subpoena of Robert Dungan (#74) is **DENIED** with respect to advice he has provided to Steel Creek Property Owners Association and its board of directors related to any of the claims asserted by Plaintiffs in this case. It is further directed that Mr. Dungan will not be required to answer any question posed to him concerning his representation of the former Defendant Stephen Iooss.

Signed: April 10, 2015

Dennis L. Howell
United States Magistrate Judge