IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CV 121

| | |
|---|---|
| WILLIAM R. SCHERER and ANNE SCHERER, ) ) ) Plaintiffs ) ) v ) ) STEEL CREEK PROPERTY OWNERS ) ASSOCIATION and PAUL IOOSS, ) ) Defendants. ) | **ORDER** |

**THIS MATTER** came before the undersigned as the parties prepared for the taking of the deposition of deponent, Attorney Robert Dungan. This Court had previously issued Orders concerning the deposition of Mr. Dungan both orally, on March 27, 2015 and then later, in writing, on April 10, 2015 (#94). In the oral and written Order, the undersigned denied an Objection to and Motion to Quash Subpoena (#74) filed by Mr. Dungan. In that motion, Mr. Dungan had objected to a subpoena issued to him on behalf of the Plaintiffs requiring him to appear and testify at a scheduled deposition. An examination of this subpoena does not show that Mr. Dungan was required, at his deposition, to produce any documents. (#74-1)

After the entry of the oral Order on March 27, 2015, this Court was advised

that the parties, including Mr. Dungan and his counsel, had agreed that Mr. Dungan would appear for the taking of his deposition on April 16, 2015 in Courtroom #2 of the United States Courthouse in Asheville, North Carolina.

Thereafter, on April 2, 2015, counsel for Plaintiffs issued a subpoena *duces tecum* (#93-1) requiring production of various documents from Mr. Dungan. The subpoena further required that the production of the documents take place on April 9, 2015 which would be a week prior to the scheduled taking of Mr. Dungan's deposition. Mr. Dungan then filed an Objection and Motion to Quash Subpoena (#93). In the motion to quash, Mr. Dungan advised he had "complied nearly all of the documents (several thousand pages) in his possession responsive to the subpoena *duces tecum*." (#93, p. 3) In an Order (#107) filed on April 15, 2015 the Court denied the motion to quash and ordered Mr. Dungan to appear at his deposition.

When the parties, including Mr. Dungan, appeared for the taking of the deposition on April 16, 2015 they requested a conference with this Court. Counsel for the Plaintiffs advised the Court that Mr. Dungan had not provided any of the documents requested in the subpoena (#93-1) and that if the documents were produced on the day of the taking of the deposition, Plaintiffs' counsel would need time to review the documents prior to the taking of the deposition. Counsel for Mr. Dungan advised the Court that she had sent the documents electronically to the

Defendants the evening before and paper copies of the documents were being prepared and were being delivered some time later in the day of April 16, 2015. The Court was later advised by counsel for the Plaintiffs that documents had been produced but they were not paginated nor organized. Plaintiffs' counsel orally requested sanctions be issued against Mr. Dungan.

**Discussion.** Rule 45(e) of the Federal Rules of Civil Procedures states as follows:

> **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
>
> **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

Rule 45(g) states:

> **(g) Contempt.** The court for the district where compliance is required---and also, after a motion is transferred, the issuing court---may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

The undersigned entered an Order (#107) denying both the Motion to Quash (#91) and the Amended Motion to Quash (#93) and directed that Mr. Dungan appear at his previously scheduled deposition and testify. Mr. Dungan did not produce the records he had been subpoenaed to produce, but on the other hand, he had only been

ordered to do so on April 15, 2015 in this Court's Order. In any event, it appears that Plaintiffs have shown good cause to delay the taking of Mr. Dungan's deposition until April 30, 2015 to allow Plaintiffs' counsel to review the documents prior to the taking of the deposition of Mr. Dungan.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that:

(1) Deponent Robert Dungan is **ORDERED** to provide a privilege log to counsel for the Plaintiffs and counsel for Defendants on or before **April 20, 2015** regarding any documents he contends are subject to any type of privilege in this matter;

(2) It is **FURTHER ORDERED** that on **April 22, 2015**, Mr. Dungan is to produce to Plaintiffs' counsel and to Defendants' counsel, all documents responsive to the subpoena (#93-1) issued to him in this matter. The documents must be organized and labeled to correspond to the categories demanded in the subpoena and further must be page numbered in consecutive order. Should any privilege be asserted by Mr. Dungan, then he is required to reference the privilege log he is required to produce on April 20, 2015;

(3) Mr. Dungan is **FURTHER ORDERED** by the Court to appear for the taking of his deposition on **April 30, 2015** in Courtroom #2 of the United States

Courthouse in Asheville, North Carolina at 9:00 a.m.;

(4) It is **FURTHER ORDERED** that the Plaintiffs have until **April 23, 2015** to file any motion they may wish to present regarding the failure of Mr. Dungan to produce the documents in the subpoena *duces tecum* (#93-1). Mr. Dungan will then be allowed up to and including **April 30, 2015** to respond to any such motion.

Signed: April 24, 2015

Dennis L. Howell
United States Magistrate Judge