# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv121

| | | |
|---|---|---|
| WILLIAM R. SCHERER and ANNE SCHERER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| STEEL CREEK PROPERTY OWNERS ASSOCIATION, PAUL IOOSS AND STEPHEN IOOSS, | ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is the Motion to Compel [# 115] and Status Report [# 112]. On April 28, 2015, the parties appeared for a hearing before the Court and the Court heard oral argument as to the outstanding discovery issues before the Court. Upon a review of the record, the relevant legal authority, and after the benefit of oral argument, the Court **GRANTS in part** and **DENIES without prejudice in part** the Motion to Compel [# 115].

## I.    Background

In his Answer to the Amended Complaint, Defendant Paul Iooss asserted the advice of counsel as his eighth affirmative defense. (Def. Iooss's Answer. to Compl. ("Def. Iooss's Answer." at p. 29.)  Specifically, this affirmative defense

stated that: "Plaintiffs' claims are barred, in whole or in part, because Defendant relied upon information provided by legal counsel, which he reasonably believed was in counsel's professional or expert competence, in discharging his duties as a director or de facto director of the POA." (Id.) Defendant Steel Creek Property Owners Association ("Steel Creek") also asserted the advice of counsel defense in its Answer. (Def. Steel Creek's Answer to Compl. ("Def. Steel Creek's Answer.") at p. 43.) The fifth affirmative defense provided that:

> Plaintiffs' claims are barred, in whole or in part, because the decisions made by the Board at issue in this lawsuit were made after consulting with and in reliance on the advice of counsel. Such reliance was reasonable and made in good faith, and Reliance on Counsel is pled as a defense to the claims asserted in this action. Those decisions and actions include, but are not limited to, the charging of retroactive assessments based on 16 platted lots instead of four, calculation of future assessments, interpretation of the Covenants, charging of 18% interest, the rejection of so called construction "plans" or drawings, and the initial refusal to comply with the Plaintiffs' request for inspection.

(Id.)

On March 27, 2015, the parties appeared for a hearing on a Motion to Quash Subpoena of Robert Dungan. The central issue for the March 27, 2015, hearing was to what extent Defendants waived the attorney client privilege and attorney work product doctrine by asserting the advice of counsel affirmative defense. As Defendants acknowledged in their brief at the time, when a party places at issue the legal advice he or she receives by asserting the advice of counsel defense, the party

waives the attorney client privilege with respect to those issues. (Def.'s Mem. Supp. of Objection & Mot. Quash Subpoena of Robert Dungan p. 3.) "Defendants acknowledge that by raising the advice of counsel defense in this action they have waived the attorney-client privilege, but only with respect to the subject matter of the relied upon communications." (Id. at pp. 3-4.) Both Defendants then identified three specific areas where they had waived the attorney client privilege: "(1) to retroactively charge the Plaintiffs assessments based on 16 lots as opposed to 5 lots and allocate Plaintiffs 16 votes, (2) to impose 18% interest on all past due assessments, and (3) to reject the Plaintiffs' plan or drawings for construction of a barn." (Id. at pp. 4-5.)

The Court, however, found that Defendants had waived the attorney client privilege as to the subject matter of each and every claim asserted in the Amended Complaint as the result of the broad assertion of the advice of counsel affirmative defense in Defendants' Answers. Specifically, the Court held:

> There has been a waiver of both privileges, in this case, because of the broad and expansive language used by both Defendants in raising the defense of advice of counsel. In the Answers of both Defendants, Defendants raised the advice of counsel defense as a complete defense to all of Plaintiffs' claims. (#53, p. 29, #54, p. 43.) Defendants did not limit their assertion of the advice of counsel defense.

(Order, Apr. 10, 2015, at pp. 5-6.)

In response to the Court's April 10, 2015, Order, Defendants' moved for

leave to amend their Answers to narrow the scope of their asserted affirmative defenses. Defendants attached proposed amended answers to their motions. Defendant Iooss's proposed amended answer contained the following language:

> Defendant Paul Iooss asserts the defense of reliance on counsel with respect to the limited subjects of the Board's decision to retroactively charge the Scherers, for years 2009 through 2012, for the difference between what they should have paid and actually did pay in assessments, and to charge interest on that amount, the legality of charging 18% interest, and the rejection of so called construction "plans" or drawings in 2012 and early 2013, prior to filing of the Complaint. It is alleged that the Board's reliance on the advice of POA counsel Robert Dungan with respect to these subject matters was reasonable and made in good faith, and warrants a limited waiver of the attorney client privilege in these discrete areas.

(Ex. C to Def. Iooss's Mot. Amend at p. 35-6.) Defendant Steel Creek filed a similar motion and also attached a proposed amended answer. Defendant Steel Creek's proposed amended answer contained the following language:

> The Steel Creek Property Owners Association asserts the defense of Reliance on Counsel with respect to the limited subjects of the Board's decisions in early 2013 (January through March) to: (1) retroactively charge the Scherers, for years 2009 through 2012, for the difference between what they should have paid and actually did pay in assessments, and to charge interest on that amount, and (2) the legality of charging 18% interest on that past due balance. Additionally, the defense is raised with respect to the rejection of so called construction "plans" or drawings in 2012 and early 2013, prior to filing of the Complaint. It is alleged that the Board's reliance on the advice of POA counsel Robert Dungan with respect to these subject matters was reasonable and made in good faith, and warrants a limited waiver of the attorney client privilege in these discrete areas.

-4-

(Ex. C to Def. Steel Creek's Mot. Amend at p. 43.)

The Court then granted the two Motions to Amend and allowed Defendants leave to amend their Answers in order to narrow the scope of the advice of counsel defense "as originally intended" because construing the Answers to constitute waivers as to all the claims "would seriously prejudice the Defendants in this case." (Order, Apr. 14, 2015, at pp. 2-3.) In allowing the Motions to Amend, it was the Court's intention to allow Defendants the opportunity to remove the language they had previously included in their Answers that expanded the scope of the advice of counsel affirmative defense to all the claims asserted in the Amended Complaint. The amendment allowed the Defendants to narrow the scope of the assertion of the advice of counsel affirmative defense from all the claims in the Amended Complaint to just the areas that Defendants had originally intended to assert the privilege.

Defendants, however, then filed their Amended Answers on April 14, 2015, again changing the scope of the asserted defense. Defendant Iooss's Amended Answer contained the following language:

> Defendant Paul Iooss asserts the defense of Reliance on Counsel with respect to the Board's decisions prior to the filing of the Complaint to: (1) retroactively charge the Scherers, for years 2009 through 2012, for the difference between what they should have paid and actually did pay in assessments during those four years, and to charge interest on that unpaid amount, and (2) the legality of charging 18% interest on that

past due balance, as reflected in the second paragraph of Exhibit 20 to the Plaintiff's Complaint and in the March 28, 2013 notices to the Scherers attached as Exhibit 21 to the Complaint. It is alleged that the Board's reliance on the advice of POA counsel Robert Dungan with respect to these two limited subjects (the retroactive charging of assessments for years 2009 through 2012 and the charging of interest up to 18%) in January and March of 2013 was reasonable and in good faith.

(Def. Iooss's Am. Answer. at pp. 35-6.) Similarly, Defendant Steel Creek's Amended Answer contained the following language:

> The Steel Creek Property Owners Association asserts the defense of Reliance on Counsel with respect to the Board's decisions prior to the filing of the Complaint to: (1) retroactively charge the Scherers, for years 2009 through 2012, for the difference between what they should have paid and actually did pay in assessments during those four years, and to charge interest on that unpaid amount, and (2) the legality of charging 18% interest on that past due balance, as reflected in the second paragraph of Exhibit 20 to the Plaintiff's Complaint and in the March 28, 2013 notices to the Scherers attached as Exhibit 21 to the Complaint. It is alleged that the Board's reliance on the advice of POA counsel Robert Dungan with respect to these two limited subjects (the retroactive charging of assessments for years 2009 through 2012 and the charging of interest up to 18%) in January and March of 2013 was reasonable and in good faith.

(Def. Steel Creek's Am. Answer. at p. 43.)

Plaintiffs then filed a Motion to Compel to seeking a variety of relief.

**II. Analysis**

As a threshold matter, the Court's prior Order granting Defendants leave to amend their Answers was not an invitation for Defendants to take back the

assertion of the advice of counsel defense as to areas where Defendants had specifically asserted it and acknowledge to this Court that they had waived the attorney client privilege as to the subject matter of these areas. Rather, the Court was allowing Defendants the opportunity to avoid the unintended consequences of waiving the attorney client privilege as to the subject matter of all the claims in Plaintiffs' Amended Complaint because of the broad language Defendants included in their Answers. Consistent with the Court's prior Orders, the Court finds that Defendants have waived the attorney client privilege as to the following subject matters as a result of their prior, specific assertion of the advice of counsel defense in these proceedings:

(1) The charging of retroactive assessments based on 16 platted lots instead of four;

(2) The calculation of future assessments;

(3) The interpretation of the Covenants;

(4) The charging of 18% interest;

(5) The rejection of the construction plans or drawings; and

(6) The initial refusal to comply with the Plaintiffs' requests for inspection.

Although the Court finds that the shifting nature of Defendants' assertion of the advice of counsel defense in this case troubling, the Court will not award sanctions

at this time as requested by Plaintiffs in their motion.  The Court finds that both parties have engaged in a level of unprofessional gamesmanship during the discovery process that has hindered the resolution of this case.  The Court expects more from attorneys who are admitted to practice before the United States District Court for the Western District of North Carolina.

The Court **DIRECTS** Defendants and Robert Dungan to supplement their document production to Plaintiffs to comply with this Order.  Robert Dungan shall have until 4:00pm on April 29, 2015, to submit a revised privilege log to Plaintiffs.  The Court finds that the prior privilege log provided by Mr. Dungan was insufficient. The Court also **ORDERS** Robert Dungan to appear for his deposition and testify as each of the subject matters to which this Court has found that Defendants have waived the attorney client privilege through their assertion of the advice of counsel defense.   Mr. Dungan must answer the questions fully and explain what, if any, advice he provided Defendants as to each of the six areas listed in this Order.  The failure of Mr. Dungan to answer fully and comply with this Order may result in the Court instigating contempt proceedings against Mr. Dungan or sanctioning Defendants by striking their Amended Answers in their entirety and recommending that the District Court enter default judgment against Defendants.

The Court also **ORDERS** Defendant Paul Iooss to appear for a second deposition on Friday, May 1, 2015, at a mutually agreeable time and location. The deposition of Defendant Iooss shall not exceed three (3) hours and is limited to the topic of the advice he received (or did not receive) from counsel as to these six topics. The failure of Defendant Iooss to answer these questions fully will result in the Court imposing sanctions on Defendant Iooss that may include the Court striking his Amended Answer and recommending the District Court enter default judgment against Defendant Iooss. The Court **DENIES without prejudice** the Motion to Compel to the extent it seeks additional relief.

Signed: April 29, 2015

*[Signature]*

Dennis L. Howell
United States Magistrate Judge